**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JAMES DON HAYGOOD, #L0989**                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO.  2:08-cv-140-KS-MTP**

**ALICIA BOX, RON KING, CHRISTOPHER EPPS,**
**and MDOC RECORDS DEPARTMENT**                          **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Haygood is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institute (SMCI), Leakesville, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  The named defendants are Alicia Box, MDOC Records employee;  Ron King, Superintendent of SMCI;  Christopher Epps, Commissioner of MDOC;  and the MDOC Records Department.  Upon liberal review of the complaint, the Court has reached the following conclusions.

### Background

Plaintiff states that on March 12, 2007, his probation was revoked on the charge of burglary of a dwelling by the Circuit Court of Harrison County, Mississippi.  Plaintiff complains that MDOC is incorrectly calculating his sentence.  In sum, Plaintiff argues that he is entitled to all of the time he served incarcerated in the Harrison County Jail prior to this revocation, based on the Judge's revocation sentencing order.  As relief in this action, Plaintiff is requesting that this Court examine his revocation sentencing order and prove to MDOC records department that he does qualify for all of the time in question, so he can be released from incarceration.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2), provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A*., 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

As a primary matter, this Court notes that Plaintiff's request for a sentence credit is not available under 42 U.S.C. § 1983.  *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(noting distinction between claims that must initially be pressed by writ of habeas corpus

and those that may be brought pursuant to § 1983).  A prisoner's claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief, not a § 1983 conditions of confinement case.  *Id. (citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)).  Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).   If Plaintiff's claims are proven and this Court grants the requested relief, it would result in Plaintiff receiving an early release from custody.  Plaintiff must first pursue his request for an earlier release from custody by filing a petition for habeas corpus relief.

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).  Since Plaintiff does not allege that he has presented this claim to the Mississippi state courts, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254.  Therefore, the Court will not liberally construe this § 1983 complaint as a petition for habeas corpus relief but instead this case will be dismissed.[1]

<u>Conclusion</u>

As discussed above, Plaintiff's request for a sentence credit for the time he served prior to the revocation of his probation on March 12, 2007, is habeas in nature and not properly pursued under § 1983.  As such, this § 1983 action will be dismissed without

---

[1]The Court is not reaching any determination regarding the viability of Plaintiff's habeas claims, nonetheless the Court will direct the Clerk to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

prejudice as to Plaintiff's habeas corpus claims and in all other respects with prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the <u>12th</u> day of August, 2008.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE